IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kathy Roberts,                                   )<br>                                                        )<br>                              Plaintiff,           )<br>                                                        )<br>v.                                                       )<br>                                                        )<br>Michael J. Astrue,                             )<br>Commissioner of Social Security,     )<br>                                                        )<br>                              Defendant.     )<br>_____)  | C/A No. 0:10-867-RMG-PJG<br><br><br><br>**REPORT AND RECOMMENDATION** |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, Kathy Roberts ("Roberts"), brought this action pursuant to 42 U.S.C. §§ 405(g) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB").[1]

### ADMINISTRATIVE PROCEEDINGS

In June 2006, Roberts applied for DIB. Roberts's application was denied initially and on reconsideration and she requested a hearing before an administrative law judge ("ALJ"). A hearing was held on May 5, 2008 at which Roberts appeared and testified and was represented by George H. Thomason, Esquire. After hearing testimony from a vocational expert, the ALJ issued a decision dated June 26, 2008 finding that Roberts was not disabled. (Tr. 13-20.)

---

[1] The record contains applications for both DIB and Supplemental Security Income ("SSI"). (Tr. 94-100.) However, it appears based on the plaintiff's brief and the administrative law judge's order that the only application for review before this court is Roberts's application for DIB.

Page 1 of 12



Roberts was born in 1955 and was 52 years old at the time of the ALJ's decision. (Tr. 23.) She has a high school education or equivalent and special training as a medical assistant. (Tr. 24, 191, 514, 524.) She has past relevant work experience in numerous secretarial and administrative positions. (Tr. 147, 161, 184.) Roberts alleges disability since January 20, 2006 due to back problems, chronic obstructive pulmonary disease, asthma, and emphysema. (Tr. 183.)

The ALJ made the following findings and conclusions:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2009.

2. The claimant has not engaged in substantial gainful activity since January 20, 2006, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*).
   * * *
3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine at L4-5 (20 CFR 404.1520(c)).
   * * *
4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
   * * *
5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a). I specifically find that she can sit for six hours of an eight hour workday, and stand or walk for two hours of an eight hour work day. I find no other limitations which would reduce the full range of sedentary work.
   * * *
6. The claimant is capable of performing past relevant work as a clerical worker. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
   * * *
7. The claimant has not been under a disability, as defined in the Social Security Act, from January 20, 2006 through the date of this decision (20 CFR 404.1520(f)).

(Tr. 15-20.)

Roberts filed an appeal and submitted additional evidence for consideration, which the Appeals Council admitted into the administrative record. (Tr. 4.) On March 18, 2010, the Appeals Council denied Roberts's request for review, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-4.) This action followed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

(1)   whether the claimant is engaged in substantial gainful activity;

(2)   whether the claimant has a "severe" impairment;

(3)   whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4)   whether the claimant can perform [her] past relevant work; and

(5)   whether the claimant's impairments prevent [her] from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.



Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id.



Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence.  Blalock, 483 F.2d at 775.

## ISSUES

Roberts raises the following issues for this judicial review:

I. At Step two, the ALJ erred in his determination regarding Roberts' severe impairments.

II. Even if we were to grant the ALJ's conclusion that the claimant's only limitation was to sedentary work, the burden in this case would be shifted to the Commissioner, and he has not met it.

III. The Appeals Council erred in failing to properly consider new evidence.

(Pl.'s Br., ECF No. 15.)

## DISCUSSION

Roberts's third alleged error may impact her other issues; therefore, the court addresses this argument first.  Roberts contends that this matter should be remanded based on additional evidence submitted to the Appeals Council.  It appears that Roberts submitted nine additional exhibits to the Appeals Council, but her argument focuses on Exhibit 20F, which consists of two independent medical examination reports from Drs. Cheryl Wong and Theodora Maio dated August 28, 2007.  (See Tr. 4, 551-58.) Roberts alleges that this evidence "provid[es] strong evidence that the claimant is limited in a way that would cause significant problems attending work, and directly addresses the ALJ's allegations regarding the lack of support for the opinions contained in the earlier records provided by two examining physicians."  (Pl.'s Br. at 31, ECF No. 15 at 31.)  Roberts argues that the Appeals Council's failure to articulate any reasons for rejecting this evidence warrants a remand. In response, the Commissioner contends that (1) the new evidence was cumulative and not material;



(2) the additional evidence does not support her allegations of disability and demonstrates that she is able to perform greater work activity than determined by the ALJ; and (3) Roberts has abandoned her argument that the Appeals Council is required to articulate reasons for rejecting additional evidence. (Def.'s Br. at 31-32, ECF No. 19 at 31-32.).

As an initial matter, the court disagrees that Roberts has failed to develop her argument that the Appeals Council is required to articulate reasons for rejecting additional evidence and has therefore abandoned it. Roberts, citing Harmon v. Apfel, 103 F. Supp. 2d 869 (D.S.C. 2000), argues in her brief that "[t]he Appeals Council is required to explicitly consider new evidence submitted[,] evaluating it in writing, particularly when the evidence is potentially determinative to the case, such as the case at hand." (Pl.'s Br. at 31, ECF No. 15 at 31.) Roberts then notes that if the Commissioner challenges the holding in Harmon, she will reply. Roberts also proceeds to argue why the additional evidence renders the ALJ's opinion unsupported by substantial evidence. This is not a situation where Roberts is raising an issue without any supporting discussion, argument, or authority, rendering her argument abandoned. Cf. Newton v. Astrue, 559 F. Supp. 2d 662, 670-71 (E.D.N.C. 2008) (holding that an issue on appeal was abandoned when a plaintiff raised it in the introductory portion of her brief, but failed to brief the issue or present it to the court with any supporting discussion, argument, or authority); Callahan v. Barnhart, 186 F. Supp. 2d 1219, 1230 n.5 (M.D. Fla. 2002) (holding that an issue raised only in a heading in the plaintiff's brief was abandoned and would not be further considered). At most, Roberts is merely noting her intent to file a reply brief should the Commissioner challenge the holding of Harmon as he has in the past. Therefore, the court finds that this issue is properly before the court.

The law provides that evidence submitted to the Appeals Council with the request for review must be considered in deciding whether to grant review " 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.' " Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991) (*en banc*) (quoting Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990)). Evidence is new "if it is not duplicative or cumulative." Id. at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Id. When a claimant seeks to present new evidence to the Appeals Council, he is not required to show good cause for failing to present the evidence earlier. Id. at 96 n.3; cf. 20 C.F.R. § 404.970(b).

On March 18, 2010, the Appeals Council denied Roberts's request for review. Specifically, the Appeals Council stated:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.
>
> We found that this information does not provide a basis for changing the Administrative Law Judge's decision.[2]

(Tr. 1.) The Order of Appeals Council listed the additional evidence submitted by Roberts, which included the independent medical examinations Roberts specifically relies on in support of her argument. (Tr. 4.) Since the Appeals Council denied Roberts's request for review, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. § 404.981. Accordingly, the court must "review the record as a whole, including the new evidence, in order to determine whether substantial evidence support[ed] the [Commissioner's] findings." Wilkins, 953 F.2d at 96.

---

[2] The court observes that the Appeals Council provided no further discussion or explanation as to why the additional evidence did not provide a basis for changing the ALJ's decision.



As an initial matter, the court observes that although the Appeals Council listed the new evidence and stated that it considered the evidence, the Appeals Council failed to discuss the new evidence, thereby rendering a meaningful review by this court difficult.  As observed by the Commissioner and as this court has previously pointed out, cases in this circuit appear to diverge as to whether the Appeals Council must articulate reasons for the assessment of or failure to assess additional evidence.  Compare Freeman v. Halter, 15 Fed. Appx. 87 (4th Cir. 2001) (unpublished) (concluding that the Appeals Council need not list detailed reasons for its rejection of additional evidence) and Hollar v. Comm'r of the Soc. Sec. Admin., 194 F.3d 1304 (4th Cir. 1999) (Table) (stating that federal regulations do "not direct that the Appeals Council announce detailed reasons for finding that the evidence did not warrant a change in the ALJ's decision") and Jackson v. Barnhart, 368 F. Supp. 2d 504, 508 n.2 (D.S.C. 2005) ("[T]here is no requirement that the Appeals Council articulate its own assessment of the additional evidence in its decision to deny review.") (internal quotation marks omitted) with Jordan v. Califano, 582 F.2d 1333, 1335 (4th Cir. 1978) (concluding that the opinion of the Appeals Council which stated "only that the additional evidence had been considered, was plainly deficient") and Harmon v. Apfel, 103 F. Supp. 2d 869 (D.S.C. 2000) (declining to follow the unpublished Fourth Circuit opinions and stating that "the Appeals Council must articulate its reason for rejecting new, additional evidence, so that a reviewing court may understand the weight the Commissioner attributed to the new evidence") and Suber v. Comm'r of the Soc. Sec. Admin., 640 F. Supp. 2d 684 (D.S.C. 2009) (agreeing with and following the reasoning and holding in Harmon) and Wheelock v. Astrue, No. 9:07-3786-HMH-BM, 2009 WL 250031 (D.S.C. Feb. 3, 2009) (remanding the case to the ALJ "to articulate his assessment of the new and material evidence presented by Wheelock so that this court may determine whether the

ALJ's decision is supported by substantial evidence"). Nonetheless, a review of these cases indicates that while *detailed* reasons for rejecting additional evidence which meets the Wilkins criteria may not be required by the social security regulations, some explanation is necessary to allow the court to conduct a meaningful review. In Jordan, the Fourth Circuit held that a statement by the Appeals Council indicating "only that the additional evidence had been considered, was plainly deficient." Jordan, 582 F.2d at 1335. The addition of a new boilerplate sentence which states that "this information does not provide a basis for changing the Administrative Law Judge's decision" does not resolve this deficiency, as it merely states the obvious: if the Appeals Council found that the new evidence provided a basis to change the ALJ's decision, it would presumably not adopt the decision. Accordingly, based on the law cited above, the court finds that while detailed reasons for rejecting the new evidence may not be required, *some* explanation must be provided to allow the court to determine whether substantial evidence supports the Commissioner's decision.

Moreover, even if no explanation were required, the additional evidence from Drs. Maio and Wong arguably directly addresses several of the reasons that the ALJ rejected the opinions of Drs. Gal G. Margalit and C. David Tollison, which if accepted may result in finding additional severe impairments at Step Three of the sequential analysis as well as affect the following steps. For example, the ALJ observed that Dr. Tollison diagnosed Roberts with "major depressive disorder with anxiety features and somatoform pain disorder associated with psychological factors." (Tr. 17.) Dr. Tollison opined that Roberts "does not exhibit the concentration, persistence, or pace typically required in a work setting," finding it unlikely that Roberts could complete tasks within time limits; that she would need excessive rest periods and breaks during the day; that she is easily distracted by her physical and psychological symptoms; and that she has poor coping and adaptive skills. (Tr.

517.) The ALJ rejected Dr. Tollison's opinion, finding that it was not supported by any other medical evidence of record. (Tr. 17; 19.) Dr. Margalit's opinion, which included diagnoses of fibromayalgia and chronic obstructive pulmonary disease ("COPD") as well more restrictive work activity than that found by the ALJ, was given no weight by the ALJ because (1) Dr. Margalit saw Roberts only once; (2) much of his report was predicated on Dr. Tollison's report and Roberts's subjective complaints; and (3) he found a lack of evidentiary support for Dr. Margalit's opinion elsewhere in the record. (Tr. 19-20.) The assessments from Drs. Maio and Wong arguably provide additional medical support for these opinions. Accordingly, the court in the case at bar cannot determine whether the ALJ's—and, in turn, the Commissioner's—decision is supported by substantial evidence, since there is a reasonable possibility that the new evidence would change the ALJ's decision. See Wilkins, 953 F.2d at 96.

Based on the foregoing, remand is necessary. See Harmon, 103 F. Supp. 2d at 874; Suber, 640 F. Supp. 2d at 688; Wheelock, 2009 WL 250031 at *9; see also Thomas v. Comm'r of Soc. Sec. Admin., 24 Fed. Appx. 158, 161-63 (4th Cir. Dec. 17, 2001) (unpublished) (concluding that a remand was necessary where the Appeals Council summarily determined that the new evidence failed to provide a basis for changing the ALJ's decision and further development of the record was required).

**B.    Remaining Issues**

Moreover, the evaluation of the additional evidence may affect the ALJ's determination as to the subsequent steps of the sequential evaluation. Therefore, the court cannot determine whether the ALJ's conclusions as to the remainder of the sequential process are supported by substantial evidence. Further, reconsideration of the above issues may render Roberts's remaining issues and



arguments moot. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments).

## RECOMMENDATION

The court cannot determine based on the record before it whether the Commissioner's decision is supported by substantial evidence. Therefore, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further administrative action as set forth above.

                                                                                           _____
                                                                                           Paige J. Gossett
                                                                                           UNITED STATES MAGISTRATE JUDGE

March 21, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).