IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kathy Roberts,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security Administration,<br><br>    Defendant. | Civil Action No. 0:10-cv-867-RMG<br><br>**ORDER** |

  This matter arises out of the Commissioner's denial of Plaintiff's application for Disability Insurance Benefits. The Magistrate Judge has recommended that this matter be remanded for further administrative proceedings. (Dkt. No. 24). After a *de novo* review of the Record in this matter, considering the arguments of both sides, and reviewing Defendant's objections, this Court reverses and remands this matter for the reasons outlined herein.

## Background

  After her request was denied at the ALJ level, Plaintiff filed an appeal and submitted additional evidence for consideration, which the Appeals Council admitted into the administrative record. (Tr. 4). On March 18, 2010, the Appeals Council denied Plaintiff's request for review, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-4). In its denial, the Appeals Council denied Roberts's request for review, specifically, the Appeals Council stated:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.

1

> We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

(Tr. 1). The Order of Appeals Council listed the additional evidence submitted by Roberts, which included the independent medical examinations Roberts specifically relies on in support of her argument. (Tr. 4). Now, the submission of the additional evidence is one of the issues raised by Plaintiff before this Court.

## Analysis

Plaintiff's third alleged error surrounds the contention that this matter should be remanded based on additional evidence submitted to the Appeals Council. Plaintiff submitted nine additional exhibits to the Appeals Council, but her argument focuses on Exhibit 20F, which consists of two independent medical examination reports from Drs. Cheryl Wong and Theodora Maio dated August 28, 2007. (*See* Tr. 4, 551-58). Plaintiff alleges that this evidence "provid[es] strong evidence that the claimant is limited in a way that would cause significant problems attending work, and directly addresses the ALJ's allegations regarding the lack of support for the opinions contained in the earlier records provided by two examining physicians." (Pl.'s Br. at 31, Dkt. No. 15 at 31). Plaintiff argues that the Appeals Council's failure to articulate any reasons for rejecting this evidence warrants a remand. This Court agrees.

The failure of the Appeals Council to make any findings regarding the newly presented evidence and the weight afforded the evidence presents a real problem for the Court in exercising its duty to undertake a meaningful judicial review of the administrative decision in this matter. *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983). The Court's review process requires a review of the findings of the Commissioner and a determination of whether those findings are supported by substantial evidence.

2

When the ALJ has not reviewed newly produced evidence and the "court is left in the dark as to how the Appeals Council treated new evidence a meaningful judicial review is impossible." *Harmon v. Apfel*, 103 F. Supp 2d 869, 874 (D.S.C. 2000) (J. Norton), citing, *Riley v. Apfel*, 88 F. Supp 2d 572, 579 (W.D. Va. 2000). Thus, the Fourth Circuit has held that when new evidence is submitted to the appeals council, the court must indicate explicitly that such evidence has been weighed and the weight it was given. *Jordan v. Califano*, 582 F.2d 1333, 1335-36 (4th Cir. 1978) (noting that the ALJ must "consider all relevant evidence, including that [given to the appeals council], and must indicate explicitly that such evidence has been weighed and its weight."). The Record reveals that was not done here.

A number of District Courts within the District of South Carolina and within the Fourth Circuit have confronted this particular situation where new evidence was not considered by the ALJ, and the Appeals Council, when declining to review the matter, failed to make any findings regarding the new evidence or indicate the weight provided this evidence. *See Raymond v. Astrue*, 2009 WL 632317 at 5 (D.S.C. 2009) (J. Blatt); *Grant v. Astrue*, 2009 WL 632271 at 3-4 (D.S.C. 2009);, 235 F. Supp 2d 445, 449 (D. Md. 2002); *Harmon v. Apfel*, 103 F. Supp 2d at 874; *Alexander v. Apfel*, 14 F. Supp 2d 839 (W.D. Va. 1998). These Courts have remanded the cases to the Commissioner to make sufficient findings upon which meaningful judicial review can be made. As Judge Norton noted in *Harmon*, "the court is caught between trying to provide meaningful judicial review of evidence not considered by the fact finder, while avoiding actually performing the task of weighing and resolving conflicts in the evidence, which is, of course, the function of the ALJ." 103 F. Supp 2d at 872. Further, as Judge Blatt

concluded in *Raymond*, "when neither an administrative law judge nor the Appeals Council indicate the weight accorded new evidence, a remand is proper." 2009 WL 632317 at 5. Similarly, in *Sapienza v. Astrue*, 2010 WL3781998 (D.S.C. 2010) (J. Herlong), in reliance on *Jordan*, the Court remanded in order for the administrative body to make explicit findings regarding the new evidence and indicate the weight it was given.

As is normally the case, the Commissioner argues that the Fourth Circuit's decision in *Wilkins v. Secretary*, 953 F.2d 93 (4th Cir. 1991) supports the notion that no remand is proper to consider the weight to be given to evidence produced for the first time to the Appeals Council. But *Wilkins* deals with a distinctly different situation where the newly produced evidence at the Appeals Council stage involved uncontested medical records from a treating physician, which essentially controlled the outcome of the case. The Fourth Circuit reversed the denial of the disability benefits on the basis of the new evidence and remanded. Here, the new evidence, while relevant and material to the issues to the dispute, does not compel a particular result but must be weighed by the Commissioner in light of all of the evidence available in the record. The Commissioner, and not the Court, must weigh that evidence, which mandates the remand.

Accordingly, this situation is factually analogous with the Fourth Circuit's decision in *Jordan v. Califano*, 582 F.2d 1333 (4th Cir. 1978), which involved the denial of black lung benefits. The claimant, like the Plaintiff here, submitted new medical evidence to the Appeals Council after the ALJ's decision. The Appeals Council summarily addressed the new evidence in denying review, using similar language to that of the Appeals Council in this action. The Fourth Circuit reversed and remanded the

decision, noting that its review was based on a substantial evidence standard. "Before we determine the substantiality of the evidence to support the administrative determination, we first ascertain whether the Secretary has discharged his duty to consider all relevant evidence. A bald conclusion, unsupported by reasoning or evidence, is generally of no use to a reviewing court . . . " *Id.* at 1335. The Court went on to state that "conclusory administrative determinations may conceal arbitrariness." *Id.*

Thus, upon remand, based on *Jordan*, the ALJ should subject the additional evidence to review and provide some explanation to the weight, if any it was given beyond the summary mention of it as was included in the March 18, 2010 denial letter. Because of the issue related to the additional evidence requires remand, the Court cannot pass upon the other issues raised until such time as the additional evidence is considered below.

### Conclusion

Based on the above, this matter is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and remanded on the points above to the ALJ for further consideration as outlined in this Order.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 11, 2011
Charleston, South Carolina